## HENRIETTA ABRAHAMS, RESPONDENT, *v.* CHARLES B. BENSEN, APPELLANT.

*Change of the place of trial—when ordered for the convenience of witnesses—the court will consider the state of the calendars in the two places, in passing upon the application.*

APPEAL from an order made at Special Term, denying a motion made by the defendant to change the place of trial.

This action was brought in Rockland county, where the plaintiff and the surviving defendant, the sheriff of that county, resided. The action was brought to recover the possession of certain goods seized by the defendant under an attachment sued out by one Hyman, who was a co-defendant. It seems that Hyman undertook the defense of the action and that the sheriff in effect intrusted the defense to him. Hyman moved in the second district, to change the place of trial from Rockland county to New York, for the convenience of witnesses. The plaintiff resisted the motion, but it was granted. The sheriff claims that this motion was made and granted without his assent or knowledge. He afterwards moved to vacate the order, which was done; but on appeal the General Term of the second department reversed the order of the Special Term, on the ground that the sheriff had acquiesced in the change of place of trial, and was therefore too late in his motion. The case has been twice tried in the city of New York, the first trial occupying ten days, and the second nine days, and each resulting in a disagreement of the jury.

The court, at General Term, said: "The original motion to change the place of trial from Rockland to New York obviously

ought not to have been granted, but it seems equally clear that the General Term was right in holding that acquiesence had cured the error. We cannot, therefore, grant this motion on the ground that the place of trial ought to have been retained in Rockland county. The only question is whether, under the peculiar circumstances now existing, the change ought not to be made. Both of the present parties reside in Rockland county. The defendant is prosecuted for acts done in his official character as sheriff. His co-defendant is dead, and is shown to have died insolvent. The cause of action arose wholly in Rockland county. A large number, if not the most of the witnesses on both sides, reside in that county. Two trials have already been had in New York, both of which have resulted in the disagreement of the jury. Nearly three weeks of the time of our courts have already been taken up with the trials. The defendant swears that it will be almost if not quite impracticable to procure the attendance of his witnesses in the city of New York again. It is obvious, we think, that it will be more convenient for the witnesses on both sides to attend a re-trial of the action in Rockland county; and our knowledge of the condition of the calendars in the two counties satisfies us that less delay will attend a trial in Rockland of an issue so old as this, than must attend its trial in this city. Besides, we think it our duty to consider the state of business in the Circuits of New York, and the great length of time already lost by the courts of New York in the trials that have already been had.

" On full consideration we think that the private interests of the parties and the ends of justice as between them will be fully as well served by a trial in Rockland as in New York, and that the public interests will be better served if the change be made. We think, therefore, that the order of the court below should be reversed, and an order entered changing the place of trial to Rockland county, without costs to either party of the motion or of this appeal."

*George F. Langbien*, for the appellant.

*George H. Forster*, for the respondent.

Opinion by Davis, P. J.; Barrett, J., concurred.

Present—Davis, P. J., and Barrett, J.

Order reversed, without costs.